```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**SARAH L. SNODGRASS and**
**JAMES SAMUEL SNODGRASS,**

      **Plaintiffs,**

**v.**                                **MISC. CASE NO.: 2:06-0047**
                                       (Bank. Case No. 06-20001)

**NEW CENTURY MORTGAGE**
**CORPORATION, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant Home Partners Credit Corporation ("HPCC") to withdraw the reference of this matter to the United States Bankruptcy Court and to sever certain claims in this proceeding against HPCC and Southern W.V. Appraisal Group, Inc. (Doc. No. 1.) Having also reviewed the plaintiffs' objection to HPCC's motion (Doc. No. 4), as well as HPCC's reply thereto (Doc. No. 3), the court now **GRANTS** HPCC's motion for the reasons set forth below. It is **ORDERED** that, with regard to the claims against HPCC and Southern W.V. Appraisal Group, Inc., only, the automatic reference to the Bankruptcy Court pursuant to Rule 1.01 of the Local Rules Relating to Bankruptcy Referrals and Appeals be **WITHDRAWN** and these claims **SEVERED** from those against New Century Mortgage Corporation, All-In-One Mortgage, LLC, Excel Appraisal Group, Inc., and America's Servicing Company.

## I.  Introduction

Plaintiff Sarah Lynn Snodgrass is the debtor in a Chapter 13 case currently in the United States Bankruptcy Court for this district.  (Doc. No. 2, Ex. A at 8.)  She and her husband, plaintiff James Samuel Snodgrass, filed this adversary proceeding against New Century Mortgage Corporation, All-In-One Mortgage, LLC, Excel Appraisal Group, Inc., HPCC, America's Servicing Company, and Southern W.V. Appraisal Group, Inc., in connection with two loans made to plaintiffs.  (Doc. No. 2, Ex. A.)

The first loan in question is a construction loan made by HPCC on April 30, 2004, for the purpose of constructing plaintiffs' new house.  (Doc. No. 2 at 3.)  HPCC and Southern W.V. Appraisal Group, Inc., are the only defendants implicated in plaintiffs' claims with respect to the construction loan.  (Id.)  The second loan is a permanent financing loan made on July 25, 2005, by New Century Mortgage Corporation.  (Id.)  Plaintiffs' claims against New Century Mortgage Corporation, All-In-One Mortgage, LLC, Excel Appraisal Group, Inc., and America's Servicing Company ("the remaining defendants") are limited to this second loan.  (Id.)

This matter was automatically referred to the Bankruptcy Court pursuant to Rule 1.01 of the Local Rules Relating to Bankruptcy Referrals and Appeals.  HPCC moves, pursuant to 28 U.S.C. § 157(d), for withdrawal of the claims against it in this

matter from the Bankruptcy Court. (Doc. No. 1.) HPCC further moves, pursuant to Federal Rule of Bankruptcy Procedure 7021 and Federal Rule of Civil Procedure 21, for severance of the construction loan claims from the claims against the remaining defendants. (Id.) Plaintiffs object to the requested severance and partial withdrawal, arguing that if the court is to withdraw any claims from the Bankruptcy Court, it should withdraw all claims presented in this action without severance, so that plaintiffs are not prejudiced by having to present their claims as to the two loans separately. (Doc. No. 4 at 4.)

## II. Withdrawal

Title 28 United States Code Section 157(d) allows for two types of withdrawal: mandatory and permissive. The section states as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Some courts have taken a very strict, literal approach to applying mandatory withdrawal, declining to withdraw a reference unless it is clear that resolution of the civil proceeding in question will require consideration of Title 11. See, e.g., In

re National Gypsum Co., 134 B.R. 188, 192 (N.D. Tex. 1991); Block v. Anthony Tammaro, Inc. (In re Anthony Tammaro, Inc.), 56 B.R. 999, 1006 (D.N.J. 1986). Many courts, however, have found the literal approach illogical:

> Other courts, a minority, apply section 157(d) literally and use the mandatory withdrawal provision only when resolution of the proceeding requires "substantial and material" consideration of both bankruptcy and non-bankruptcy law. This position . . . seemingly defeats the whole purpose of section 157(d), the withdrawal of matters requiring the application of non-bankruptcy law from the relatively less experienced bankruptcy court to the more experienced district court. Under the minority view, it may happen that issues in which the bankruptcy court is less experienced remain with it because there are no novel, material bankruptcy issues. If the intent of section 157(d) is to have substantial and material non-bankruptcy matters determined by the district court, it would seem incongruous to prevent their withdrawal just because there are no substantial and material bankruptcy questions that are also involved.

Contemporary Lithographers, Inc. v. Hibbert (In re Contemporary Lithographers, Inc.), 127 B.R. 122, 128 (M.D.N.C. 1991)(quoting St. Mary Hosp. v. Hiser (In re St. Mary Hospital), 115 B.R. 495, 497 (E.D. Pa. 1990)).

These latter courts deem withdrawal mandatory when a "substantial and material" consideration of the non-Title 11 statute will be necessary to the resolution of the dispute. See Michigan Milk Producers Ass'n v. Hunter, 46 B.R. 214, 216 (N.D. Ohio 1985). Although the court has been unable to locate an opinion of the Fourth Circuit Court of Appeals on the issue, numerous district courts in this circuit employ the majority

"substantial and material" approach, among them the United States District Court for the Middle District of North Carolina, which issued an oft-cited opinion on point in Contemporary Lithographers.  See also Terry v. Sparrow, 328 B.R. 450 (M.D.N.C. 2005); In re US Airways Group, Inc., 296 B.R. 673 (E.D. Va. 2003).  As this is the better-reasoned and more widely applied rule, the court will use it in ruling on HPCC's motion.

As HPCC notes, the "substantial and material" standard generally requires that the non-Title 11 statute in question require some degree of "interpretation," as opposed to mere "application."  (See Doc. No. 2 at 5)(citing In re Vicars Ins. Agency, Inc., 96 F.3d 949 (7th Cir. 1996); City of New York v. Exxon Corp., 932 F.2d 1020 (2d Cir. 1991)).  HPCC argues that this requirement is satisfied by plaintiffs' claims under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*[1]

Plaintiffs allege violations of the disclosure provisions of TILA and RESPA with regard to the modification of the construction loan.  (See Doc. No. 2, Ex. A, ¶¶ 94, 98.)  HPCC asserts it can locate no authority on the issue of how TILA and

---

[1]  There is no dispute that these statutes constitute "other laws of the United States regulating organizations or activities affecting interstate commerce," as required by 28 U.S.C. § 157(d).  (See Doc. No. 2 at 6.)

RESPA's disclosure provisions apply to the modification of loans covered by those statutes.  (Doc. No. 2 at 7.)  Because the court has, likewise, located no authority on point, and because plaintiffs present none,[2] the court is in agreement with HPCC that this is an issue of first impression.  See id.  Because an interpretation of these two non-Title 11 statutes will be necessary to a resolution of plaintiffs' claims, HPCC has met the "substantial and material" standard required for mandatory withdrawal.  The court **GRANTS** HPCC's timely motion on that point.[3]  Having found withdrawal to be mandatory under § 157(d), the court need not address HPCC's theories with regard to permissive withdrawal.

### III.  Severance

HPCC's motion further seeks severance of the claims against it, that is, the claims it seeks to have withdrawn from the Bankruptcy Court, from the claims against the remaining defendants.  (Doc. No. 1.)  Plaintiffs oppose severance, arguing that it will unfairly prejudice them due to the added difficulty and expense involved in prosecuting two separate civil

---

[2]  Indeed, plaintiffs do not raise any argument to counter HPCC's motion with regard to withdrawal, and instead focus their brief on the issue of severance.  (See generally Doc. No. 4.)

[3]  As set forth above, the mandatory withdrawal language of 28 U.S.C. § 157(d) requires that the motion for withdrawal be "timely."  HPCC's motion was filed before its answer or responsive pleading was due, and it is accordingly timely for purposes of mandatory withdrawal.

proceedings.  (Doc. No. 4 at 4-5.)  They further contend that HPCC is seeking severance purely for strategical advantage, and that fairness and judicial economy militate in favor of denying HPCC's motion.  (Id.)

Federal Rule of Civil Procedure 20, which is incorporated into Federal Rule of Bankruptcy Procedure 7020, provides as follows with regard to joinder of parties:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. . . .

Although the United States Supreme Court has directed that a liberal approach to joinder should be employed, see United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966), it is commonly noted that there should nonetheless be a logical relationship between the claims against the defendants to be joined, see, e.g., 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (2d ed. 1987).  Federal Rule of Civil Procedure 21 makes clear that misjoinder of parties does not call for dismissal of an action; rather, "any claim against a party may be severed and proceeded with separately."  Fed. R. Civ. P. 21.

By way of analogy, plaintiffs liken their case to that of an automobile accident in which the pedestrian victim is hit in rapid succession by two different automobiles.  (Doc. No. 4 at

5.) Plaintiffs then compare their financial circumstances following the two loan transactions in question to the physical devastation wrought by such an accident. (Id.) This analogy, however, is simplistic and not particularly apt. The construction loan was made on April 30, 2004, whereas the permanent financing loan was not made until July 25, 2005, nearly fifteen months later. (Doc. No. 3 at 4.)

More importantly, the complaint alleges nothing to indicate any connection between the construction loan defendants and the permanent financing defendants. Indeed, as was the case in Michaels Building Company v. Ameritrust Company, 848 F.2d 674 (6th Cir. 1988), the loans in question "involve different banks, different contracts and different terms." Id. at 682. The Michaels court found variation in loan policies to be "a further reason to disallow joinder" under Rule 20. Id.

Additional guidance is found in Wilson v. ABN AMRO Mortgage Group, 2005 U.S. Dist. LEXIS 38271 (D.D.C. Dec. 21, 2005). In Wilson, the bankrupt plaintiff brought suit against his mortgage lender, ABN AMRO, and later sought leave to join as a defendant, among others, the lender that had provided him with a "bridge loan" intended to prevent foreclosure proceedings, Home Savers. Id. at 2-4.

> Certainly there is a tangential relationship between the two sets of claims, in that each involves a dispute about the terms of a loan that was secured by the [same property], and there also is some overlap in the relevant

>time periods because plaintiff obtained the loan from Home Savers while ABN AMRO was proceeding with foreclosure on the mortgage. Under Rule 20, however, it is not enough that defendants share some general connection to the plaintiff, such as having allegedly caused the plaintiff similar harm or having interacted with plaintiff around the same period of time . . . .

Id. at 12-13. Concluding that the two sets of claims were not "logically related" to each other, as required by Rule 20, the court denied the motion. Id. at 13.

This court is persuaded by the logic of the Michaels and Wilson decisions and the similarity of those cases to the instant case, and accordingly **GRANTS** HPCC's motion to sever.

### IV. Conclusion

Home Partners Credit Corporation's motion to withdraw the reference of this matter to the United States Bankruptcy Court and to sever certain claims in this proceeding against it and Southern W.V. Appraisal Group, Inc. (Doc. No. 1) is **GRANTED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to Bankruptcy Judge Ronald G. Pearson, to the Clerk of the Bankruptcy Court, and to all counsel of record.

**IT IS SO ORDERED** this 10th day of July, 2006.

>ENTER:
>
>David A. Faber
>Chief Judge